UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TS PRODUCTION, LLC,
a Hungarian limited liability company,

    Plaintiff,

v.                                                      Case No.  8:07-cv-686-T-24-EAJ

LEADRACER.COM, INC.,
a Florida corporation,
BRANDCHISE MEDIA LLC,
a Florida limited liability company,
BETHANY SINGH, an individual,
and KEITH LYNCH, an individual,

    Defendants/Third Party Plaintiffs,

v.

JAH-BEACH LLC, JOAN HOYMAN,
and JENNIFER LEE

    Third Party Defendants.
_____/

## **O R D E R**

    This cause comes before the Court on two motions filed by Third Party Defendants, JAH-Beach LLC, Joan Hoyman ("Hoyman"), and Jennifer Lee ("Lee").  On July 10, 2007, Defendants/Third Party Plaintiffs Leadracer.com, Inc., Brandchise Media LLC, Bethany Singh, and Keith Lynch, filed a complaint against Third Party Defendants.  (Doc. No. 18.)  On July 12, 2007, a summons was issued as to JAH-Beach LLC, Joan Hoyman, and Jennifer Lee.  (Doc. No. 19.)  On September 14, 2007, Third Party Plaintiffs filed a return of service as to Jennifer Lee, indicating that service of Lee was executed on August 9, 2007.  (Doc. No. 21.)  On September 17, 2007, the Clerk entered a default against Lee, pursuant to Rule 55(a) of the Federal Rules of

Civil Procedure, for failure to plead or otherwise defend within twenty days as required by Rule 12 of the Federal Rules of Civil Procedure.  (Doc. No. 23.)  On October 11, 2007, Third Party Plaintiffs filed a return of service as to Joan Hoyman, indicating that service of Hoyman was executed on September 15, 2007.  (Doc. No. 31.)

On October 3, 2007, Third Party Plaintiffs filed two documents, both which were titled as "Declarations for Jennifer Lee and Joan Hoyman mailing them both pro say [sic] two individual summons unlawfully served asking the court to strike both lawsuits from the record due to the above reasons — details enclosed."  (Doc. Nos. 26 and 27.)  The Court construes these documents as a motion to set aside the default and a motion to quash the service of process.  Third Party Plaintiffs have filed their response in opposition.  (Doc. No. 33.)  The Court will address each motion.

**Third Party Defendant Lee's Motion to Set Aside the Default**

In her motion to set aside the default, Lee, who is proceeding in this matter *pro se*, states that she was unlawfully served to a P.O. Box.  Third Party Plaintiffs respond that Lee was properly served, and request that this Court deny Lee's motion to set aside the default.

Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, "service upon an individual from whom a waiver has not been obtained and filed, . . . may be effected in any judicial district of the United States . . . pursuant to the law of the state in which the district court is located . . .."  This action having commenced in the Middle District of Florida, service of process may be effected in accordance with Florida law.  Florida Statute Section 48.031(6) states that:

> If the only address for a person to be served, which is discoverable through public records, is a private mailbox, substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, but only if the process server determines that the person to be served maintains a mailbox at that location.

Lee states that she only checks her mail at the P.O. Box where she was served about once every two months, and that this fact can be verified by the owner of the P.O. Box business, Pam Tomlinson. Lee does not provide any alternative address that would have been discoverable through public records. The return of service states that the process server served copies of the Third Party Summons and Third Party Complaint upon Pat Tomlinson, the owner of the P.O. Box business where Lee admits she has a P.O. Box.

The Court finds that service was proper as to Lee. Lee did not assert that she does not maintain a P.O. Box at the location where she was served, nor that there was another address discoverable through public records where she could have been served. Lee only states that she was unlawfully served at a P.O. Box and not to a place where she resided or could be found. The return of service that was filed with the Court provides that substitute service was made by leaving a copy of the process with Pat Tomlinson, the owner and person in charge of the private mailbox business, and Lee does not deny that she maintains a P.O. Box at the location where substitute service was made. Furthermore, Lee has not shown good cause for her failure to plead or otherwise defend against Third Party Plaintiffs' complaint within the twenty days required by Rule 12. Accordingly, the Court denies Lee's motion to set aside the default.

**Third Party Defendant Hoyman's Motion to Quash the Service of Process**

In her motion to quash the service of process, Hoyman, who is also proceeding in this matter *pro se*, states that both she and JAH-Beach LLC have not been lawfully served. As an initial matter, the Court finds it necessary to address the issue of representation in the instant case. Pursuant to Local Rule 2.03(e), limited liability companies, like corporations, "may appear and be heard only through counsel admitted to practice in the Court . . .." *Energy Lighting Mgmt., LLC v. Kinder*, 363 F. Supp. 2d 1331, 1332 (M.D. Fla. 2005) (citations omitted).

3

Hoyman is not an attorney admitted to practice in this Court, and as such, cannot represent JAH-Beach LLC in this matter.  The Court finds that if no notice of appearance is filed on behalf of JAH-Beach LLC by January 5, 2008, a default will be entered as to JAH-Beach LLC.

As for her motion to quash the service of process, Hoyman alleges that the process server entered her business, informed her that he was a process server, and tried to serve her, but that she was running late and left without being served.  Hoyman further alleges that she was later informed that the process server left the service papers in the business after she left, but that she never saw or received such papers.  Third Party Plaintiffs respond that Hoyman was served in accordance with Florida law.

Under Florida law, "a return of service which is regular on its face is presumed valid unless clear and convincing evidence is presented to the contrary." *Lazo v. Bill Swad Leasing Co.*, 548 So. 2d 1194, 1195 (4th DCA 1989) (citing *Magazine v. Bedoya*, 475 So. 2d 1035 (3d DCA 1985)).  The return of service filed with this Court states that Hoyman was personally served on September 15, 2007 at Bissel House, 201 Orange Grove Avenue, South Pasadena, California. (Doc. No. 31.)  The only evidence submitted by Hoyman is her declaration that she was unlawfully served, which Hoyman alleges was witnessed by a customer who was in her store during Hoyman's interaction with the process server.

A mere denial of service is insufficient to impeach the return of the official process server.  *Lazo*, 548 So. 2d at 1195.  "To permit a defendant to impeach a summons by simply denying service would create chaos in the judicial system.  Therefore, evidence must be presented to corroborate the defendant's denial of service." *Slomowitz v. Walker*, 429 So. 2d 797, 799 (4th DCA 1983).  The Court finds that Hoyman has failed to present clear and convincing evidence that she was not properly served, and has not presented any evidence to

corroborate her allegation that she was not properly served. As such, the Court denies Hoyman's motion to quash the service of process.

The Court notes that Hoyman also filed a reply brief, on behalf of herself and Lee, to Third Party Plaintiff's response to her motion to quash the service of process, in which she requested that this Court "drop the entire case.," arguing that Third Party Plaintiffs are not, in fact, suing she and Lee, and restating her previous allegations that she was unlawfully served. (Doc. No. 36.) This reply was docketed as a motion to dismiss. The Court finds Hoyman's request to dismiss the case is without merit, and therefore denies the motion.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Third Party Defendant Jennifer Lee's Motion to Set Aside the Default (Doc. No. 26) is **DENIED**;

(2) Third Party Defendant Joan Hoyman's Motion to Quash Service of Process (Doc. No. 27) is **DENIED**; and

(3) Third Party Defendants Joan Hoyman and Jennifer Lee's Motion to Dismiss (Doc. No. 36) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of December, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Third Party Defendants