UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TS PRODUCTION, LLC,
a Hungarian limited liability company,

      Plaintiff,

v.                                            Case No.  8:07-cv-686-T-24-EAJ

LEADRACER.COM, INC.,
a Florida corporation,
BRANDCHISE MEDIA LLC,
a Florida limited liability company,
BETHANY SINGH, an individual,
and KEITH LYNCH, an individual,

      Defendants/Third Party Plaintiffs,

v.

JAH-BEACH LLC, JOAN HOYMAN,
and JENNIFER LEE

      Third Party Defendants.
_____/

## **O R D E R**

This cause comes before the Court on Third Party Defendant Joan Hoyman's answer to the complaint, which makes various requests and was docketed as a Motion to Set Aside Default. (Doc. No. 42.)  For purposes of this Order, the Court shall refer to the document before it as the "instant motion."

On December 3, 2007, this Court entered an Order denying Third Party Defendant Jennifer Lee's Motion to Set Aside the Default, denying Third Party Defendant Joan Hoyman's Motion to Quash Service of Process, and denying Third Party Defendants Joan Hoyman and Jennifer Lee's Motion to Dismiss.  (Doc. No. 39.)  On January 3, 2008, the Clerk entered a

default against Joan Hoyman, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for failure to plead or otherwise defend within ten days as required by Rule 12(a)(4).  (Doc. No. 41.)  On January 7, 2008, the instant document was filed.

The following requests are made in the instant motion: (1) that the action against Third Party Defendant JAH-BEACH, LLC be dropped; (2) that this Court advise Joan Hoyman and Jennifer Lee what to do; (3) that this Court set aside both defaults as to Joan Hoyman and Jennifer Lee; (4) that this Court move the trial to California; and (5) that this Court lower the amount sued for to match the amount Plaintiff TS Production, LLC settled for in its lawsuit against Defendant/Third Party Plaintiff Leadracer.com, Inc., Brandchise Media, LLC, Bethany Singh, and Keith Lynch.  The Court will address each request.

As to the request that the action against Third Party Defendant JAH-Beach, LLC be dropped, Third Party Defendant Joan Hoyman states that JAH-Beach, LLC no longer exists and has been dissolved.  The Court interprets this request as a motion to dismiss, and finds that the request to dismiss is without merit.  Moreover, this Court previously stated that "if no notice of appearance is filed on behalf of JAH-Beach, LLC by January 5, 2008, a default will be entered as to JAH-Beach, LLC."  (Doc. No. 39.)  To date, no such notice of appearance has been filed on behalf of JAH-Beach, LLC.  Accordingly, the Court directs the Clerk to enter a default against Third Party Defendant JAH-Beach, LLC.

As to the request that this Court advise Third Party Defendants Joan Hoyman and Jennifer Lee what to do, the Court responds that it is unable to provide counsel or advice to parties, even if a party is a *pro se* litigant.  This Court has a duty to maintain complete impartiality in the exercise of its judicial duties, and providing counsel or advice to any party would be an abrogation of this duty.

Third Party Defendants Joan Hoyman and Jennifer Lee also ask this Court to set aside both defaults that were entered against them. (Doc. Nos. 23 and 41.) As to Jennifer Lee, the Court notes that it already denied her motion to set aside the default. (Doc. No. 39.) As such, the Court interprets Lee's current request as a motion to reconsider its order denying her motion to set aside the default. There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *See id.* (citations omitted). Lee seems to argue that reconsideration is necessary to correct clear error or to prevent manifest injustice. However, the Court is not persuaded and declines to reconsider its order.

As to Joan Hoyman, the Court finds that she has not shown good cause for her failure to plead or otherwise defend against Third Party Plaintiffs' complaint within ten days after this Court denied her Motion to Quash Service of Process and Motion to Dismiss, as required by Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure. Accordingly, the Court declines to set aside the default.

Third Party Defendants Joan Hoyman and Jennifer Lee next request that this action be moved to California. The Court interprets this request as a motion to change venue, pursuant to 28 U.S.C. § 1404(a). That section permits a district court to transfer any civil action to any other district where it might have been brought "[f]or the convenience of the parties and witnesses, and in the interest of justice." Courts consider the following factors when ruling on a motion to transfer under § 1404(a):

> (1) the convenience of the witnesses; (2) the location of the relevant documents and the relative ease of access to sources of proof; (3) the convenience of the

parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). Because federal courts ordinarily accord deference to a plaintiff's choice of forum, the burden is on the movant to show that the suggested forum is more convenient or would be in the interest of justice. *See In Re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). Indeed, the Eleventh Circuit has instructed that district courts should be cautious in transferring actions, stating that "[t]he plaintiff's choice of forum should not be disturbed unless the movant can show that it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir. 1996).

Upon consideration, this Court finds that Third Party Defendants Joan Hoyman and Jennifer Lee have not satisfied their burden of demonstrating that this case should be transferred to California in the interests of convenience and justice.[1] Accordingly, the Court declines to transfer this action.

Finally, Third Party Defendants Joan Hoyman and Jennifer Lee ask that this Court lower the amount for which Defendants/Third Party Plaintiffs have sued them. However, Hoyman and Lee have failed to provide any legal authority in support of the relief requested. The Court declines to lower the amount for which Defendants/Third Party Plaintiffs have sued Third Party Defendants Joan Hoyman and Jennifer Lee.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)   The Court declines to dismiss the instant action against Third Party Defendant JAH-Beach, LLC. The Clerk is directed to enter a default against Third Party

---

[1] Third Party Defendants failed to request a specific district within the State of California.

Defendant JAH-Beach, LLC;

(2) The Court declines to reconsider its previous order denying Third Party Defendant Jennifer Lee's Motion to Set Aside the Default;

(3) The Court declines to set aside the Default entered against Third Party Defendant Joan Hoyman;

(4) The Court declines to transfer the instant action to the State of California; and

(5) The Court declines to lower the amount for which Defendants/Third Party Plaintiffs have sued Third Party Defendants Joan Hoyman and Jennifer Lee.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of January, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Third Party Defendants