UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TS PRODUCTION, LLC,
a Hungarian limited liability company,

    Plaintiff,

v.                                                                           Case No.  8:07-cv-686-T-24-EAJ

LEADRACER.COM, INC.,
a Florida corporation,
BRANDCHISE MEDIA LLC,
a Florida limited liability company,
BETHANY SINGH, an individual,
and KEITH LYNCH, an individual,

    Defendants/Third Party Plaintiffs,

v.

JAH-BEACH LLC, JOAN HOYMAN,
and JENNIFER LEE

    Third Party Defendants.
_____/

**O R D E R**

This cause comes before the Court on Third Party Plaintiffs' Motion for Entry of Judgment Against Third Party Defendants After Default.  (Doc. No. 55.)

Third Party Plaintiffs filed their complaint on July 10, 2007.  (Doc. No. 18.)  Third Party Defendants, who are proceeding *pro se*, were properly served and failed to timely file a response to the complaint.  The Clerk entered default against Third Party Defendant Jennifer Lee on September 17, 2007, against Third Party Defendant Joan Hoyman on January 3, 2008, and against Third Party Defendant JAH-Beach, LLC on January 30, 2008.  (Doc. Nos. 23, 41, and 48.)  This Court has upheld the entry of the defaults.  (Doc. Nos. 39, 46, 47, and 51.)

Third Party Plaintiffs alleged the following in their complaint: that Third Party Defendants retained Third Party Plaintiffs to provide certain website services, including the development of active websites to be used for the on-line sales of merchandise originating with and distributed by the Plaintiff TS Production, LLC.  In lieu of standard fees for Third Party Plaintiffs' services, Third Party Defendants were to give Third Party Plaintiffs a share of the net proceeds from the sales of the merchandise sold through the websites developed by Third Party Plaintiffs.  Third Party Defendants breached this agreement by failing to pay Third Party Plaintiffs their share of proceeds.  Further, Third Party Plaintiffs' development of the websites was done at the request and direction of Third Party Defendants, and to the extent that Third Party Plaintiffs are liable to Plaintiff TS Production, LLC for such development, then Third Party Plaintiffs are entitled to indemnification or contribution from Third Party Defendants.

The effect of the defaults against Third Party Defendants is that they " . . . admit[] the plaintiff's well-pleaded allegations of fact." Nishimatsu Construction Co., Ltd. v. Houston National Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  "[A] judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979). Here, the amount of damages is not liquidated, but is capable of mathematical calculation from the definite figures contained in Third Party Plaintiffs Keith Lynch and Bethany Singh's affidavit.[2]

---

[1] Pursuant to Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981), decisions rendered by the former Fifth Circuit prior to October 1, 1981 are binding as precedent on the Eleventh Circuit.

[2] Keith Lynch and Bethany Singh are the individual Third Party Plaintiffs in this case and the principals of Third Party Plaintiffs Leadracer.com, Inc. and Brandchise Media, LLC.

In their motion, Third Party Plaintiffs seek judgment against Third Party Defendants in the amount of $26,555.45 for their damages. This amount represents the unreimbursed expenses that Third Party Plaintiffs expended in the development and operation of the websites for Third Party Defendants ($11,807.89), the net share of sales due pursuant to the payment agreement ($4,747.56), and indemnification for Third Party Plaintiff's obligation to Plaintiff TS Production, LLC ($10,000.00).

In response to the motion, Third Party Defendants Joan Hoyman and Jennifer Lee filed affidavits, and stated that the affidavits are in support of their motion to dismiss Third Party Plaintiff's motion for entry of judgment. The Court notes, however, that no such motion to dismiss was ever filed, and that only the affidavits themselves were filed. In any case, the affidavits do not challenge Third Party Plaintiffs' calculation of damages, but rather challenge the factual issues plead in Third Party Plaintiffs' complaint, which have already been admitted as true by virtue of the defaults entered against Third Party Defendants.

The Court finds that the amount of damages Third Party Plaintiffs request in their motion is supported by the detailed affidavit of Third Party Plaintiffs Keith Lynch and Bethany Singh, and therefore, that Third Party Plaintiffs should be awarded $26,555.45 in damages, with post judgment interest pursuant to 28 U.S.C. § 1961.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Third Party Plaintiffs' Motion for Entry of Judgment Against Third Party Defendants After Default (Doc. No. 55) is **GRANTED**. The Clerk is directed to enter Final Default Judgment against Third Party Defendants in the amount of $26,555.45 in damages, with post judgment interest pursuant to 28 U.S.C. § 1961.

    (2)    The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of May, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Third Party Defendants